HIM PORTLAND, LLC, Plaintiff,

v.

DEVITO BUILDERS, INC., Defendant.

DeVito Builders, Inc., Plaintiff,

v.

HIM Portland, LLC,
Defendant/Appellee,

v.

Interbank Funding Corporation,
Party–In–Interest.

Nos. 02–CV–74–P–C, 02–CV–93–P–C.

United States District Court,
D. Maine.

July 26, 2002.

Philip P. Mancini, Drummond & Drummond, Portland, ME, for HIM Portland, LLC.

Louis B. Butterfield, Portland, ME, for DeVito Builders Inc, defendant.

Michael D. Traister, Murray, Plumb & Murray, Portland, ME, for Interbank Funding Corp., consolidated party of interest pursuant to endorsement made on motion to consolidate party in interest.

## MEMORANDUM OF DECISION AND ORDER

GENE CARTER, District Judge.

Before the Court is a motion to compel arbitration and to stay the above-captioned proceedings pending arbitration, which has been brought by HIM Portland, LLC, a Massachusetts corporation with a principal place of business in Longmeadow, Massachusetts (hereinafter "HIM Portland"). DeVito Builders, Inc., a Florida corporation with a principal place of business in Tampa, Florida (hereinafter "DeVito"), objects to the motion, arguing that HIM Portland has waived the right to arbitrate by proceeding with litigation in default of the alternative dispute resolution agreement in their Contract.

### Facts

HIM Portland contracted with DeVito for the renovation and conversion of the Susse Chalet located at 1200 Brighton Avenue in Portland, Maine.[1]   On or about

---

1. HIM contends that the Contract was executed on or about April 30, 2001, while DeVito states that as of August 6, 2001, the parties had an agreement. The copy of the Contract in the record is unsigned. *See* Complaint, Exhibit A (Docket No. 1).

January 22, 2002, DeVito filed a "Notice of Lien Claim" against HIM Portland in the Cumberland County Registry of Deeds in Book 17272, Page 249, claiming a lien on the subject premises for the sum of $142,648.56. On April 4, 2002, HIM Portland filed a Complaint against DeVito in the United States District Court for the District of Maine. On April 5, 2002, DeVito filed a Complaint against HIM Portland in the Maine Superior Court. HIM Portland removed that claim to federal court on or about April 22, 2002, DeVito notified the Court that it did not object, and on May 20, 2002, the cases were consolidated pursuant to Local Rule 7(b). On May 6, 2002, DeVito filed its Answer to HIM Portland's Complaint. On May 9, 2002, HIM Portland moved to compel arbitration and stay the proceedings in this Court. The Contract provides, in pertinent part:

> 9.10.1 Claims, disputes and other matters in question arising out of or relating to this Contract, including those alleging an error or omission by the Architect but excluding those arising under Paragraph 15.2 [Hazardous Materials], shall be referred initially to the Architect for decision. Such matters, except those relating to aesthetic effect and except those waived as provided for in Paragraph 9.11 [Consequential Damages] and Subparagraphs 14.5.3 and 14.5.4 [making or acceptance of final payment constitutes waiver], shall, after initial decision by the Architect or 30 days after submission of the matter to the Architect, be subject to mediation as a condition precedent to arbitration or the institution of legal or equitable proceedings by either party.
>
> 9.10.2 If a claim, dispute or other matter in question relates to or is the subject of a mechanic's lien, the party asserting such matter may proceed in accordance with applicable law to comply with the lien notice of filing deadlines prior to resolution of the matter by the Architect, by mediation or by arbitration.
>
> 9.10.3 The parties shall endeavor to resolve their disputes by mediation which, unless the parties mutually agree otherwise, shall be in accordance with the Construction Industry Mediation Rules of the American Arbitration Association currently in effect. . . . The request may be made concurrently with the filing of a demand for arbitration but, in such event, mediation shall proceed in advance of arbitration or legal or equitable proceedings, which shall be stayed pending mediation for a period of 60 days from the date of filing, unless stayed for a longer period by agreement of the parties or court order.
>
> 9.10.4 Claims, disputes and other matters in question arising out of or relating to the Contract that are not resolved by mediation, except matters relating to aesthetic effect and except those waived as provided for in Paragraph 9.11 and Subparagraphs 14.5.3 and 14.5.4, shall be decided by arbitration which, unless the parties mutually agree otherwise, shall be in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect. . . . The award rendered by the arbitrator or arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.

Complaint, Exhibit A (Docket No. 1) (hereinafter "Contract") at 10–11.

## Discussion

DeVito opposes HIM Portland's motion to stay these proceedings pending arbitration, arguing that some of its claims are not arbitrable, that those claims which are

arbitrable are not ripe for arbitration and, further, that HIM Portland is in default. The Federal Arbitration Act provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C.A. § 3. The first issue is whether the Federal Arbitration Act obligated the parties to arbitrate their claims against each other. *Brennan v. King*, 139 F.3d 258 (1st Cir.1998) (citing *McCarthy v. Azure*, 22 F.3d 351, 354–55 (1st Cir.1994) ("a party seeking to substitute an arbitral forum for a judicial forum must show, at a bare minimum, that the protagonists have agreed to arbitrate *some* claims") (emphasis in original)). The Contract provides that the parties may elect to arbitrate claims "arising out of or relating to the Contract." Complaint, Exhibit A (Docket No. 1) at 10, 11.

DeVito argues that this dispute is not ripe for arbitration because neither party has referred a dispute to the architect or to mediation and, further, that this Court has no authority under the Federal Arbitration Act to compel parties to perform any form of alternative dispute resolution other than arbitration. HIM Portland did not respond to this argument, but simply maintains that all of the claims fall within the scope of the arbitration agreement. The Contract provides for a three-step process requiring the parties to take the following steps: (1) submit the dispute to the project architect for an initial decision, (2) after 30 days, submit it to mediation, and (3) after 60 days, arbitrate or litigate.[2]

### Referral to the Architect

■ The Contract provides that disputes "shall be referred initially to the Architect for decision." Contract at 10. The District Court for the Middle District of Pennsylvania, in *Shook of West Virginia, Inc. v. York City Sewer Authority*, 756 F.Supp. 848 (M.D.Pa.1991), held that a substantially similar contract provision requiring referral of disputes to the project architect[3] was not a condition precedent to arbitration or court action if the claims were brought after performance was ended because courts have consistently held such dispute provisions to be "centered only on the operational phases of the contract" *Id.* at 853. The arbitration clause at issue here states that disputes are "subject to mediation as a condition precedent to arbitration or [litigation]," but referral to the architect is not so conditioned.[4] Con-

---

**2.** Specifically, the Contract provides: "Claims, disputes, and other matters in question arising out of or relating to this Contract ... shall be referred initially to the Architect for decision. Such matters ... shall, after initial decision by the Architect or 30 days after submission of the matter to the Architect, be subject to mediation as a condition precedent to arbitration or the institution or legal or equitable proceedings by either party." Contract at 10.

**3.** The contract at issue in *Shook*, 756 F.Supp. 848, provided, in relevant part: "Claims, disputes and other matters relating to the execution and progress of the Work or the interpretation of or performance under the Contract Documents shall be referred initially to the ENGINEER for decision, which he shall render in writing within a reasonable time." *Id.* at 850–51.

**4.** The Architect's role is further defined by the Contract in paragraph 9.1, "The Architect will provide administration of the Contract and

tract at 10. It appears that performance of the contract has been completed, and the Court concludes that any obligation to refer disputes to the Architect was operational only during performance of the Contract. Additionally, in part because both parties have initiated court proceedings, the Court concludes that there is no longer any reasonable role for the Architect to play and, therefore, no continuing obligation to submit disputes to the Architect. *See Shook,* 756 F.Supp. at 855 (noting "that even when a contract clearly directs pursuit of a contractual remedy as a condition precedent to suit, the courts recognize limitations to the obligation to exhaust the remedy ... [, and t]he doctrine of futility excuses exhaustion of grievance procedures where the effort would be wholly futile") (citing *Glover v. St. Louis–San Francisco Railway Co.,* 393 U.S. 324, 330, 89 S.Ct. 548, 551, 21 L.Ed.2d 519 (1969)).

## Mediation

 The second step of the Contract's dispute resolution provision requires the parties to attempt mediation. The Court of Appeals for the First Circuit has not had the occasion to decide the issue of arbitrability where a contract contains a provision requiring mediation as a condition precedent to arbitration or litigation. The Court of Appeals for the Eleventh Circuit, however, in *Kemiron Atlantic, Inc. v. Aguakem International, Inc.,* 290 F.3d 1287 (11th Cir.2002), recently denied a motion for stay on similar facts, holding that the parties' failure to request media-

tion, which was a condition precedent to arbitration under the parties' contract, precluded enforcement of the arbitration clause. The appeals court upheld the district court's denial of the petition to stay the action pending arbitration on the ground that the petitioner "did not perform the steps necessary, as spelled out in the contract, to trigger arbitration." *Id.* at 1290. Because "the parties agreed to conditions precedent before arbitration can take place and, by placing those conditions in the contract, the parties clearly intended to make arbitration a dispute resolution mechanism of last resort, [and because] ... neither party met the first condition required to invoke the arbitration clause in the Agreement," the court ruled that the Federal Arbitration Act did not apply. *Id.* at 1291.

Because the Court finds that the parties' actions in the case at bar, where neither party has endeavored to mediate their disputes, have not triggered any obligation to arbitrate,[5] the Court need not address the arguments regarding the alleged waiver of that right. Accordingly, HIM Portland's motion for stay will be denied.

## Order

It is **ORDERED** that HIM Portland's Motion to Compel Arbitration and Stay Matters Until Completion of Arbitration be, and it is, hereby, **DENIED.**

will be an Owner's representative (1) during construction, (2) until final payment is due, and (3) with the Owner's concurrence, from time to time during the one-year period for correction of Work described in Paragraph 17.2." Contract at 9. Paragraph 17.2 provides, in relevant part, that the Owner must notify the Contractor of the need for correction, and waives the right to require correction by failing to do so "promptly after discovery of the condition." Contract at 20.

5. The Court notes that the dispute resolution clause in the Contract in the case at bar contemplates mediation as a condition precedent to *either* arbitration or litigation, but because the Court cannot order the parties to mediate, both parties have simply abdicated that condition by proceeding to litigation.